IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY

| WILLIAM HENRY KENNEDY, | HONORABLE JEROME B. SIMANDLE |
|---|---|
| Plaintiff, | |
| v. | Civil Action No. 15-8058 (JBS/KMW) |
| ENVOY AIRLINES INC. and JOHN DOE 1-10, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, District Judge:**

    This matter comes before the Court by way of four related motions: Defendant Envoy Airlines Inc.'s (hereinafter, "Envoy") motion to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [Docket Item 28]; pro se Plaintiff William Henry Kennedy's (hereinafter, "Plaintiff") motion to amend the Third Amended Complaint [Docket Item 29]; Plaintiff's motion for reconsideration of the Court's July 20, 2016 Order [Docket Item 43]; and Plaintiff's motion to add a party [Docket Item 44.] For the reasons that follow, Defendant's motion will be granted and Plaintiff's motions will be denied. The Court finds as follows:

    1.   **Factual Background.**[1] Plaintiff initially brought this action against Envoy, American Airlines Inc., and John Doe 1-10

---

[1] For purposes of the pending motion, the Court accepts as true the version of events set forth in Plaintiff's Third Amended Complaint and construes Plaintiff's pleading, as it must, liberally. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir.

(collectively, "Defendants") after he was fired as a flight attendant for failing two on-the-job breathalyzer tests. [See generally Docket Items 1 & 9.] In the operative Third Amended Complaint,[2] Plaintiff avers that, on March 3, 2014, he accidentally overslept and reported late to work, "unshaven, unwashed and with his hair disheveled, with his hypertension setting in, coming in from the outside on one of the coldest days of the year." [Third Amended Complaint, Docket Item 25 at ¶ 9.] Running through the airport and short of breath, Plaintiff was briefly stopped by TSA agents who performed a thorough search and questioned Plaintiff about his appearance. [Id. at ¶¶

---

2011) (describing the liberal construction required of pro se submissions); Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (same).

[2] Plaintiff filed a Complaint and Amended Complaint in the Superior Court of New Jersey, before Defendant removed the case to this Court. [Docket Item 1.] Plaintiff then filed the Second Amended Complaint as a matter of right under Fed. R. Civ. P. 15(a)(1). [Docket Item 9.] With leave of Court, Plaintiff filed the Third Amended Complaint on August 9, 2016. [Docket Item 25.]

In this Circuit, an "amended complaint supersedes the original and renders it of no legal effect" unless the amended complaint "specifically refers to or adopts the earlier pleading." West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013) (internal quotations omitted). Here, the Third Amended Complaint does not specifically refer to or adopt the Second Amended Complaint. The Third Amended Complaint therefore supersedes the Second Amended Complaint. See e.g., NL Indus., Inc. v. Old Bridge Twp, 2015 WL 12866996, at *1 (D.N.J. Feb. 27. 2015); Call v. Czaplicki, 2011 WL 2532712, at *9 n.9 (D.N.J. June 23, 2011).

2

10-11.] Shortly thereafter, the TSA agents turned Plaintiff over to Breath Alcohol Technician Terry Fritz. [Id. at ¶ 11.]

2. At 9:19 A.M. that morning, Ms. Fritz performed the first of two breathalyzer tests on Plaintiff, which reported he had a blood alcohol concentration ("BAC") of .135. [Id. at ¶ 13.] Fifteen minutes later, Ms. Fritz performed a confirmation test, which revealed a BAC of .083. [Id.] Ms. Fritz then wrote on a Department of Transportation form that Plaintiff "had impermissibly consumed alcohol in [a] breakroom for agents in the Pittsburg [sic] airport." [Id. at ¶ 15.]

3. After terminating Plaintiff's employment later that day, Envoy employee Ellyn Kravette offered Plaintiff two options: remain terminated indefinitely or enter Envoy's "rehabilitation facility." [Id. at ¶¶ 15, 17.] Plaintiff states that he was "coerced" into choosing the second option because he "needed his job," "relied upon the free and low-cost flights he was able to take as his mother was from Guatemala," and "because [Kravette] demanded an immediate answer." [Id. at ¶ 19.]

4. Once admitted to the rehabilitation facility, Plaintiff claims he was forced into acknowledging he had an "alcohol problem" and to take "unnecessary, harmful pharmaceuticals." [Id. at ¶ 18.] Due to alleged "medical issues" that arose while he was in treatment, Plaintiff left the facility early and did not complete the rehabilitation program.

[Id.] Plaintiff alleges he was not offered an alternative treatment program, despite the fact that Envoy apparently had a "true alcohol rehabilitation facility [that] was reserved for pilots with alcoholism." [Id.]

5.   On April 26, 2014, Ms. Kravette issued a "DOT non-compliance," thereby permanently terminating Plaintiff from his employment at Envoy. [Id.] In the aftermath of his discharge, Plaintiff applied for, but was initially denied, New York unemployment benefits. [Ex. A to Docket Item 25 at 3.] Plaintiff subsequently appealed the denial of unemployment benefits, which was granted by the Honorable Alison Ferrara of the New York State Labor Board Unemployment Hearing Department based upon concerns over the accuracy of the breathalyzer machine, and because the breathalyzer technician's testimony proved, by itself, "insufficient to establish" Plaintiff's intoxication for purposes of denying unemployment benefits.[3] [Id. at 5-6.] According to Plaintiff, he has been "able to collect a small amount of unemployment benefits." [Docket Item 25 at ¶ 25.]

6.   **Procedural Background.** Defendants initially moved to dismiss Plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6). [Docket Item 12.] On July 20, 2016, the Court

---

[3] On February 24, 2015, the New York State Appeal Board affirmed this decision. [See Ex. B to Docket Item 25.]

4

granted Defendants' motion and dismissed all claims in the Second Amended Complaint against American Airlines Inc. <u>with</u> prejudice, Counts I, II, III, XIII, and XIV as to Envoy <u>with</u> prejudice, and Counts IV, V, VI, VIII, IX, X, XI, and XII as to Envoy <u>without</u> prejudice. [Docket Item 24.] In an accompanying twenty-six-page Opinion, the Court explained that Plaintiff was permitted to file a Third Amended Complaint within thirty (30) days provided that Plaintiff "take note of the claim elements and deficiencies outlined in this Opinion relative to Counts IV, V, VI, VII, VIII, IX, X, XI, and XII, and then to re-assert **only** those claims for which he can allege the necessary facts in support of each essential element." [Item 23 at 25-26] (emphasis in original). Plaintiff timely filed a Third Amended Complaint, in which he alleged a single count of fraud [Docket Item 25], which Envoy moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Docket Item 28] and Plaintiff seeks to amend again pursuant to Fed. R. Civ. P. 15(a). [Docket Item 29.]

7. On December 29, 2016, Plaintiff requested that this case be stayed pending arbitration of his discharge from Envoy pursuant to a collective bargaining agreement. [Docket Item 36.] By Order of April 4, 2017 [Docket Item 37], the Court granted a temporary stay pending resolution of Plaintiff's grievance process through his former union, and ordered that Envoy's motion to dismiss [Docket Item 28] and Plaintiff's motion to

amend the Third Amended Complaint [Docket Item 29] be administratively terminated pending the outcome of those administrative proceedings. On August 2, 2017, Plaintiff, in compliance with the Court's prior Order, filed a status report, which indicated that Plaintiff's union representative had informed him that his grievance could not proceed as long as the DOT considered him ineligible to perform safety-sensitive functions (i.e., he could not pursue arbitration until DOT overturned his status). [Ex. E to Docket Item 38 & Docket Item 40.] On August 21, 2017, the Court dissolved the stay and restored the case to active status. [Docket Item 41.] Plaintiff subsequently filed a motion for reconsideration of the Court's July 20, 2016 Order [Docket Item 43] and a motion to add parties to the Third Amended Complaint. [Docket Item 44.] The four pending motions are now ripe for decision and will be addressed by the Court in turn.

8. **Plaintiff's Motion for Reconsideration.** Plaintiff filed a motion for reconsideration of the Court's July 20, 2016 Order granting Defendants' motion to dismiss the Second Amended Complaint in its entirety and permitting Plaintiff to file a Third Amended Complaint to cure the deficiencies noted in the Court's Opinion. [Docket Item 43.] For the following reasons, Plaintiff's motion for reconsideration will be denied.

9.    First, Plaintiff's motion for reconsideration was not timely filed. Local Civil Rule 7.1(i) requires that any motion for reconsideration <u>shall</u> be served and filed within fourteen (14) days following entry of the Order on the motion at issue. Here, the time for seeking reconsideration expired on August 4, 2016, four months <u>before</u> this case was stayed. Plaintiff ultimately filed his motion on October 31, 2017, which was nearly sixteen (16) months after entry of the July 20, 2016 Order. Therefore, the Court finds that Plaintiff's motion can be denied on that ground alone. See <u>Mitchell v. Twp. Of Willingboro Mun. Gov't</u>, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) (citing cases, and denying a motion for reconsideration as untimely).

10.   Even if Plaintiff's motion had been timely filed, however, he has not met the high standard required for relief on a motion for reconsideration. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" <u>P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.</u>, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (quoting <u>G-69 v. Degnan</u>, 748 F. Supp. 274, 275 (D.N.J. 1990)). "A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through—rightly

or wrongly." Arista Records, Inc. v. Flea World, Inc., 356 F. Supp. 2d 411, 415 (D.N.J. 2005).

11.  Plaintiff's memorandum of law in support of his motion for reconsideration constitutes little more than an expression of disagreement with the Court's prior decision to dismiss the Second Amended Complaint or, in the alternative, a request that the Court permit Plaintiff to add additional claims to the Third Amended Complaint. [See generally Docket Item 43.] Indeed, in his reply memorandum of law in support of reconsideration, Plaintiff emphasizes that "Plaintiff's Motion for Reconsideration is not sought out to bring back the old complaint but to please be allowed to use *Breach of Contract* and, also, *Negligence* which was requested in the *Plaintiff's Memorandum in Opposition* for that *Motion to Dismiss*." [Docket Item 47 at 3] (emphasis in original). Thus, the Court understands Plaintiff's motion for reconsideration as a request that the Court grant Plaintiff leave to add new claims to (i.e., amend) the Third Amended Complaint, which the Court addresses next. For these reasons, the Court will not reconsider its July 20, 2016 Order.

12.  **Plaintiff's Motions to Amend and Add Parties.** As described supra, the Third Amended Complaint alleges a single count of fraud against Envoy. [See generally Docket Item 25.] Plaintiff has since filed motions to amend the Third Amended

8

Complaint, and thus a Fourth Amended Complaint, to add claims of negligence [Docket Item 29] and civil conspiracy [Docket Item 48], and to add the Department of Transportation, the Association of Flight Attendants, and Marworth Rehabilitation Center as parties. [Docket Items 44, 45 & 48.] For the following reasons, Plaintiff's requests to add new claims and parties will be denied.

13. After amending once as a matter of course, a plaintiff may amend a pleading only with leave of court or the written consent of the opposing party, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Moreover, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Despite these liberal standards, however, a district court may deny leave to amend or add a party when amendment would be futile. See Smith v. Nat'l Collegiate Athletic Ass'n, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459 (1999); see also Sutton v. New Century Fin. Serv., 2006 WL 3676306, at *1 (D.N.J. Dec. 11, 2006) (noting that the same standards apply under Rule 15(a) and 21 with respect to adding a new party). An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

14. Plaintiff first asks this Court for leave to add facts purporting to support an additional claim of negligence to the Third Amended Complaint. [Docket Item 29; see also Docket Item 32 at 5.] Specifically, Plaintiff asks to add five (5) paragraphs to the Third Amended Complaint which purport to allege a claim of negligence (or "negligent testing"). [Docket Item 29 at 2-3.] According to Plaintiff, "[t]he claim of negligence was suggested in my opposition papers, however, in an excess of caution, and because the Court did not state such claim would be allowed[,] I did not include it in the [Third] Amended Complaint." [Id. at 3.] Because Plaintiff's proposed negligence claim against his employer is preempted by the New Jersey Workers Compensation Act, N.J.S.A. § 34:15-8, however, the Court finds Plaintiff's attempt to add a negligence claim would be futile.

15. "The New Jersey Workers' Compensation Act . . . provides the exclusive remedy by which an employee may recover for injuries caused by workplace negligence." Smith v. Exxon Mobil Corp., 374 F. Supp. 2d 406, 424 (D.N.J. 2005); see also Rivera v. Crackel Barrel Old Cnty. Store, Inc., 2003 WL 21077965, at *5 (D.N.J. Mar. 3, 2003); Ditzel v. Univ. of Med. & Dentistry, 962 F. Supp. 595, 608 (D.N.J. 1997). Thus, "[u]nder [New] Jersey law an action in negligence against an employer is barred by the New Jersey Workers Compensation Act." Silvestre v.

10

Bell Atl. Corp., 973 F. Supp. 475, 486 (D.N.J. 1997); see also Fregara v. Jet Aviation Bus. Jets, 764 F. Supp. 940, 954 n.8 (D.N.J. 1991); Wellenheider v. Rader, 49 N.J. 1, 9 (1967); Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 165 (1985). Plaintiff's proposed negligence claim is clearly preempted by the New Jersey Workers Compensation Act. Permitting Plaintiff to add this claim to a Fourth Amended Complaint would be futile.[4]

16. Plaintiff next asks this Court to add the Department of Transportation and the Association of Flight Attendants as parties in this case. [Docket Items 44 & 45.] Plaintiff argues that adding the Department of Transportation as a party would "assist in all matters before this Court in this case" and "bolster the *cause of action* and Court's ability to provide relief." [Docket Item 44-1 at 4] (emphasis in original). According to Plaintiff, "once the DOT positive test is canceled, *plaintiff* can utilize the RLA mechanism and not bother this court anymore. . ." [Id.] (emphasis in original). Similarly, Plaintiff asks the Court to add the Association of Flight Attendants, his union, as a party because Plaintiff believes he will be able to show he "did not have any means of remedy since

---

[4] The Court notes that Plaintiff actually availed himself of the unemployment benefits to which he was entitled under the New Jersey Workers Compensation Act. [Docket Item 25 at ¶ 25; see also Exs. A & B to Docket Item 25.]

11

the union and company prevented the plaintiff[] from the RLA process." [Docket Item 45 at 4.] But Plaintiff alleges no new claims against the Department of Transportation or Association of Flight Attendants, nor does he allege any facts specific to Plaintiff's single fraud claim in the Third Amended Complaint. Thus, adding the Department of Transportation and Association of Flight Attendants would be futile.

17. Finally, in a memorandum of law filed in support of his motions for leave to add a party and amend the Third Amended Complaint, Plaintiff informally requests leave to add a claim for civil conspiracy and to add Marworth Rehabilitation Center as a party. [See Docket Item 48.] Essentially, Plaintiff avers that Envoy conspired with Marworth Rehabilitation Center to defraud him by way of an agreement to "override" a denial of insurance coverage to ensure that Plaintiff had insurance benefits to cover payment for some or all of his treatment. [Ex. A to Docket Item 48.] In order to state a claim for civil conspiracy under New Jersey law, Plaintiff must show: "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose to be achieved by unlawful means; and (4) proof of special damages." Huelas v. Wells Fargo Home Mort., Inc., 2012 WL 3240166, at *5 (D.N.J. Aug. 7, 2012) (internal citation omitted). Plaintiff must also independently assert a viable

underlying tort claim apart from the conspiracy itself. Dist. 1199P Health & Welfare Plan v. Janssen, L.P., 784 F. Supp. 2d 508, 533 (D.N.J. 2011) ("Under New Jersey law, a claim for civil conspiracy cannot survive without a viable underlying tort.") For the reasons described supra, Plaintiff failed to adequately plead negligence in his proposed Fourth Amended Complaint and, for the reasons described below, Plaintiff does not state a claim for fraud in the Third Amended Complaint. Because Plaintiff has not plead a viable underlying tort claim apart from the alleged conspiracy, Plaintiff's effort to add a civil conspiracy claim and to add Marworth Rehabilitation Center is futile as a matter of New Jersey law. His request will, therefore, be denied.

18. **Envoy's Motion to Dismiss Pursuant to Rule 12(b)(6).** Under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (internal citations omitted). In applying this standard to pro se pleadings and other submissions, as here, the Court must liberall y construe the well-pleaded allegations, and draw all reasonable inferences in favor of the pro se litigant. Higgs v. Atty. Gen. of the

U.S., 655 F.3d 333, 339 (3d Cir. 2011); Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009). Despite this liberality, however, a pro se complaint must still "contain sufficient factual matter, accepted as true," to "state a [plausible] claim to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Marley v. Donahue, 133 F. Supp. 3d 706, 714 (D.N.J. 2015) (explaining the same concept).

19. In the Third Amended Complaint, Plaintiff alleges that Defendant Envoy engaged in fraud. Under New Jersey law, a claim for fraud requires the plaintiff to allege: "(1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) [an] intention that the other person rely on it; (4) reasonable reliance [on the material misrepresentation] by the other person; and (5) resulting damage." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Gennari v. Weichert Co. Realtors, 691 A.2d 350 (N.J. 1997)). In making these assertions, the plaintiff must then meet the "stringent" particularity requirements of Federal Rule of Civil Procedure 9(b). Frederico, 507 F.3d at 200; see also Fed. R. Civ. P. 9(b) ("all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"). In other words, "the plaintiff must plead or allege the date, time and place of the alleged fraud or

otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico, 507 F.3d at 200.

20. Plaintiff fails to satisfy Rule 9(b)'s heightened pleading requirement for several reasons. First, assuming that the breathalyzer tests were, in fact, inaccurate (i.e., a material misrepresentation of fact), Plaintiff has not alleged any particularized facts which, if true, would demonstrate that Ms. Fritz or any other Envoy employee actually knew that the positive test results were false. This is especially so in light of Plaintiff's own admission that he was "unshaven, unwashed and with his hair disheveled [and] . . . must have made quite a sight as he rushed, headlong, through the morning crowd at the airport." [Docket Item 25 at ¶ 9.] Rather than point to specific facts regarding Envoy's knowledge of the supposed falsity of the breathalyzer tests, Plaintiff simply states that, because "the defendant, who through its agents, has administered thousands of tests and is aware of the uniform and constant rate at which alcohol is metabolized, either knew or should have knowing [sic] the results of the tests administered to the plaintiff were false positives." [Id. at ¶ 14.] But such generalized and conclusory statements are insufficient to establish knowledge of falsity. See In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 282 (3d Cir. 2006) ("[P]leading of scienter sufficient to satisfy Rule 9(b) may not rest on a bare inference that a

15

defendant 'must have had' knowledge of the facts or 'must have known' of the fraud given his or her position in the company.) (internal citation and quotation marks omitted).

21. Second, even assuming Plaintiff could make a case for equitable fraud, which does not require a plaintiff to show that the defendant knew that alleged misrepresentations were false, Plaintiff has not alleged that he reasonably relied on Envoy's allegedly false statement that Plaintiff had improperly consumed alcohol. See Joe Hand Promotions, Inc. v. Mills, 567 F. Supp. 2d 719, 727 (D.N.J. 2008) ("When pleading equitable fraud, a plaintiff does not have to claim the defendant knew that the alleged misrepresentation was false[,] . . . [but] a plaintiff must still plead reasonable reliance on the alleged misrepresentation.") (internal citations omitted). Plaintiff avers that the "coercive effect" of various statements made by different Envoy employees forced him to enter a rehabilitation facility, pay "fairly significant out-of-pocket costs," and forgo his right to arbitrate the dispute. [Docket Item 25 at ¶ 20.] But Plaintiff, himself, knew whether or not he had actually consumed alcohol prior to arriving at work on the morning of March 3, 2014. Equipped with such knowledge, it would have been unreasonable as a matter of law for Plaintiff to have relied on an allegedly-false breathalyzer test (or any other Envoy representation, for that matter) before entering an alcohol

rehabilitation program. See Joe Hand Promotions, Inc., 567 F. Supp. 2d at 728 (noting that plaintiff cannot allege that it relied on defendant's accusations when plaintiff admitted it always knew the accusations to be false); Golden v. Nw. Mut. Life Ins. Co., 229 N.J. Super 405, 415 (App. Div. 1988) ("A false representation made to a person who knows it to be false is not in legal estimation a fraud."). In other words, it is not plausible that, if Plaintiff had truly consumed no alcohol, he would rely upon another person's statement that he had consumed alcohol. Plaintiff himself was in the unique position to know the true facts of his own alcohol consumption.

22. In light of the foregoing, the Third Amended Complaint does not state a claim for fraud. Having examined Plaintiff's allegations stated and restated in four rounds of pleadings, the Court finds that extending leave to amend yet again is futile. Of note, Plaintiff opted not to accept the Court's invitation to correct any of the claim elements and deficiencies outlined in the July 20, 2016 Opinion relative to Counts IV, V, VI, VII, VIII, IX, X, XI, and XII of the Second Amended Complaint [Docket Item 23 at 25-26], and instead chose to file a Third Amended Complaint alleging a single count of fraud. "Allowing leave to amend where 'there is a stark absence of any suggestion by the plaintiffs that they have developed any facts since the action was commenced' . . . would frustrate Congress's objective" to

17

filter out lawsuits that have no factual basis. Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 164 (3d Cir. 2004) (quoting GSC Partners CDO Fund v. Washington, 368 F.3d 228, 246 (3d Cir. 2004)). For these reasons, the Court will dismiss Plaintiff's Third Amended Complaint with prejudice.

23. **Conclusion.** For the foregoing reasons, the Court will deny Plaintiff's motions for reconsideration, to amend, and to add a party, and the Court will grant Envoy's motion to dismiss. An accompanying Order shall be entered.

**February 13, 2018**         s/ Jerome B. Simandle
Date        JEROME B. SIMANDLE
       U.S. District Judge